213 P.3d 844 (2009)
120 Or. App. 119
230 Or. App. 119
In the Matter of C.M.W.W., a Minor Child.
STATE ex rel. DEPARTMENT OF HUMAN SERVICES, Appellant,
v.
A.C., aka A.L.C.; and C.M.W.W., aka C.M.W.W., Respondents.
J060447, A139628.
Court of Appeals of Oregon.
On Appellant's Petition for Reconsideration June 3, 2009.
August 5, 2009.
John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General, for petition.
Before EDMONDS, Presiding Judge, and ARMSTRONG, Judge, and WOLLHEIM, Judge.
EDMONDS, P.J.
The Department of Human Services (DHS) petitions for reconsideration of our decision in this case, State ex rel. Dept. pf Human Services v. A.C., 228 Or.App. 403, 209 P.3d 328 (2009), in which we affirmed the trial court's judgment dismissing DHS's petition to terminate mother's parental rights to her two-year-old son. We grant reconsideration but adhere to our original decision affirming the trial court's judgment.
DHS alleged that mother's parental rights should be terminated under ORS 419B.502, ORS 419B.504, and ORS 419B.506. The trial court ruled that DHS had not proved its allegations under ORS 419B.506, and DHS did not challenge that ruling on appeal. The trial court also ruled against DHS on its claims under ORS 419B.502 and ORS 419B.504. In our opinion on appeal, we reviewed DHS's claim under ORS 419B.504, but did not expressly address its claim under ORS 419B.502. In its petition for reconsideration, DHS points out that fact. We therefore grant reconsideration for the purpose of expressly addressing DHS's claim under ORS 419B.502.
The trial of this matter occurred in March and May 2008. In our original opinion, we set forth the pertinent facts as we found them on de novo review. We incorporate those findings by reference into this opinion and make additional findings that are pertinent to a determination under ORS 419B.502. In February 2005, mother's parental rights to her two oldest children were terminated based, in part, on findings of mother's "[a]ddictive or habitual use of controlled substances to the extent that parental ability has been substantially impaired." The child who is the subject of this proceeding was born in February 2006 and removed from mother's *845 custody at his birth because he tested positive for methamphetamine. He has been in DHS's custody since that time.
ORS 419B.502 provides, in relevant part:
"The rights of the parent or parents may be terminated as provided in ORS 419B.500 if the court finds that the parent or parents are unfit by reason of a single or recurrent incident of extreme conduct toward any child. In such case, no efforts need to be made by available social agencies to help the parent to adjust the conduct in order to make it possible for the child or ward to safely return home within a reasonable amount of time. In determining extreme conduct, the court shall consider the following:
"* * * * *
"(6) Previous involuntary terminations of the parent's rights to another child if the conditions giving rise to the previous action have not been ameliorated."
DHS argued in its initial brief to this court that
"[t]his case presents the question of whether a parent's rights can be terminated under ORS 419B.502(6) when one condition giving rise to a previous terminationin this case, mother's methamphetamine addictionhas arguably been ameliorated, but the other conditions have not."
DHS explained,
"The state acknowledges that mother has completed drug treatment, and that she has apparently been clean and sober since December of 2006. However, mother's methamphetamine addiction was only one component of the conduct or conditions rendering her unfit at the time of the previous terminations.
"Mother dropped out of high school, has failed to complete her GED, and is unable to find and maintain permanent employment. She is dependent upon others for support, which has caused her to enter intoand remain inunsafe relationships. When mother left inpatient treatment in early 2007, she moved in with a boyfriend. When that relationship became abusive, she left briefly, moved in with her mother, and then became involved with [T].[[1]] Despite [T's] extensive criminal history, his status as an untreated sex offender, and his past drug use, mother married him after an acquaintance of only a few months. In doing so, she failed to consider whether [T] posed a risk to her child, and failed to consider the risk he posed to her own sobriety.
"In 2005, mother had an anger problem which caused her to stab the father of [the children] and to have angry outbursts during visits. A few weeks before this trial, mother got into an altercation with [T], and she continued to act inappropriately during visits with [the child who is the subject of this proceeding]. Although mother did not undergo a psychological evaluation before the 2005 trial, it is reasonable to infer that her methamphetamine addiction masked the mental health diagnosis which emerged following a period of sobriety.
"In 2005, the court found that mother was not able to `maintain a suitable or stable living situation' for the children and that she had failed to `present a viable plan' for the return of the children to her care. These conditions continue to be present, and they have not been ameliorated to the point that mother is presently fit to have her child returned. Therefore, termination under ORS 419B.502(6) is appropriate."
On reconsideration, DHS argues,
"In its opinion, the focus of this court's decision affirming the judgment of the trial court was on the fact that the state had failed to prove that the child could not be returned to mother's care within a reasonable time. Under ORS 419B.502(6), however, the court must find that the conditions giving rise to the previous terminations of mother's parental rights have been ameliorated and that the child can be returned to mother at the time of the termination trial. Because DHS proved that mother was not presently fit, this court should modify its opinion and reverse the judgment denying *846 the petition to terminate her parental rights."
In our initial opinion, we set out in detail the progress that mother made concerning her drug addiction since June 2006. At the time of trial, mother was voluntarily attending AA or NA meetings three or four times a week and was only one test away from obtaining her GED. We noted that, according to DHS's brief, mother had not used methamphetamine since December 2006 and had made some progress in dealing with her anger issues. We also discussed the evidence regarding mother's marriage to T, agreeing with DHS that the evidence raised some concerns in that regard. However, there is also in the record a favorable psychological evaluation of T performed in February 2008.
In other words, the evidence regarding "extreme conduct" by mother that resulted in the termination of parental rights to two of her children is conduct that occurred before June 2006 and while she remained untreated for her drug addiction. Since that time, there is persuasive evidence that both mother and her new husband have made positive changes in their behavior and their attitudes that support the psychological evaluations concerning their potential to be fit parents. On this record, given the state of circumstances that now exist, we find that the conditions giving rise to the previous termination action have been ameliorated to the extent that termination of mother's parental rights based on her prior extreme conduct is not appropriate. Consequently, we adhere to our prior decision affirming the trial court's dismissal of DHS's petition to terminate mother's parental rights.
Reconsideration allowed; former opinion modified and adhered to as modified.
NOTES
[1] "T" is mother's husband referred to in our initial opinion.